JUDGE CEDARBAUM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK     12 CV 9171
------------------------------------------------------------------- x
ALPHONSO PINKS and CAHEIM HARRIS,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.
------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiffs ("plaintiffs," "Mr. Pinks," and/or "Mr. Harris") are residents of New York County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant defendants Police Officers John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual capacity.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 12:45 p.m. on June 26, 2012, plaintiffs were lawfully in the vicinity of Park Avenue and 100th Street in New York, NY.

12. Plaintiffs ran into two acquaintances of Mr. Harris.

13. Plaintiffs began to chat with the two acquaintances, when a police van pulled along side of them.

14. Several New York City Police Officers immediately exited the van.

15. Without probable cause or reasonable suspicion to believe plaintiffs had committed any crime or offense, defendant officers ordered all four individuals to stand up against the wall.

16. Officers then brought an alleged victim to the scene.

17. The alleged victim identified plaintiffs' two acquaintances as the individuals who purportedly committed a crime.

18. The alleged victim did not identify plaintiffs.

19. Notwithstanding, and without any explanation, defendants placed plaintiffs under arrest.

20. Plaintiffs were transported, along with the two other gentlemen, to the 23rd precinct.

21. At the precinct the officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiffs commit crimes.

22. At no point did the officers, or anyone else, observe plaintiffs commit any crimes.

23. At the precinct defendants interrogated plaintiffs' acquaintances; however, plaintiffs were not questioned.

24. Plaintiffs were then transported to central booking where they were released prior to arraignment because the New York County District Attorney's Office declined to prosecute them.

25. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
### Unlawful Stop and Search

26. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

27. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

28. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

29. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

31. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure To Intervene

32. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

33. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

34. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

35. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## MALICIOUS PROSECUTION

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

38. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

39. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
## Monell

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

42. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

43. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

44. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

45. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

46.     These policies, practices, and customs were the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   December 14, 2012
         New York, New York

_____
Robert Marinelli
299 Broadway, Suite 1501
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*